FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 DEC 23 AM 11: 03

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CRIMINAL DOCKET NO.: ~~95-106~~ |
| v. | * | SECTION "N" |
| SIDNEY JOSEPH | * | |

## ANSWER AND MEMORANDUM IN OPPOSITION TO JOSEPH'S AMENDMENT UNDER RULE 15(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**NOW INTO COURT** comes the undersigned Assistant United States Attorney respectfully moving to deny the Amendment to petitioner's Title 28, United States Code, Section 2255 petition for the following reasons:

The defendant, Sidney Joseph, seeks to amend his 28 U.S.C. § 2255 motion ("2255 Motion") pursuant to Rule 15(a) of the Federal Rules of Civil Procedure by adding the following additional ground for relief:

> Counts 2, 5, and 9 [of the indictment] require[] proof that the petitioner possesses a "firearm" as that term is "defined in the statute." Petitioners 2255 Amendment, page 2.

This proposed amendment is barred by the one-year statute of limitations for motions filed under 28 U.S.C. § 2255, since on October 27, 2003, the United States Supreme Court issued

its mandate in this case denying Joseph's petition for a Writ of Certiorari. In order for this Honorable Court to accept Joseph's Amendment, this Court must find that under Federal Rule of Civil Procedure 15, Joseph's claim relate back to the original filing. United States v. Saenz, 282 F.3d 354 (5th Cir. 2002).

Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment will relate back to the date of the original pleading if the claim asserted in the amended pleading arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2); see Saenz, 282 F.3d at 355-356; McGregor v. Louisiana State Univ. Bd. of Supervisors, 3 F.3d 850, 863 (5th Cir. 1993).

In Joseph's original 2255 filing, Joseph does not contest that the seized weapons are firearms (meeting the statutory definition that they all contained a frame or receiver), but he argued that there was no showing that these firearms moved in and affected interstate commerce. (Joseph's Ground One in his original 2255 filing) Now Joseph raises a new and unrelated argument and a new theory of his defense, that is, that the seized weapons and the photographs of the weapons used in the offenses are not firearms at all. This new argument and theory, in the view of the government, does not relate back to any issue in the original 2255 but is a new and unrelated argument and if Joseph could amend his original 2255 claim on this ground it would create the possibility of virtually endless amendments as he attempts to further expand the collateral review of his case.

Although one lone Circuit[1] claims that Rule 15(c) should be read expansively in § 2255 proceedings to mean that relevant "conduct, transaction or occurrence" in an inmate's trial and

---

[1] See Ellzey v. United States, 324 F.3d 521 (7th Cir. 2003).

sentencing, the other six Circuits (of the seven to address this issue) have refused to interpret Rule 15(c) this broadly, as such an interpretation would permit unlimited amendment by inmates who could continually add new claims after the expiration of the one-year statute of limitations in direct contradiction with the interest in finality of judgments. See United States v. Hicks, 283 F.3d 380, 388 (D.C. Cir. 2002) (citing United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000) (upholding denial of certificate of appealability where lower court denied motion to add claims of ineffectiveness of counsel); Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir. 2000) (denying motion to amend to add claims of ineffectiveness of counsel for 1) failure to object that three grams of cocaine was not part of the same course of conduct as other drugs and 2) on grounds of improper drug weight to original claim of ineffectiveness based on failure to object that drugs were not "crack cocaine"); United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000) (holding claims of improper enhancement of sentence for obstruction of justice and ineffectiveness of counsel for failure to file an appeal did not relate back to the original claims of lack of jurisdiction to enhance the sentence and improper enhancement of the sentence for a prior conviction "because they arise from separate occurrences of both time and type"); United States v. Duffus, 174 F.3d 333, 337 (3rd Cir. 1999) (holding untimely claim of ineffective assistance of counsel for failure to move for suppression of evidence where defendant had initially claimed attorney was ineffective for failing to raise a sufficiency issue on appeal); United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999) (holding untimely claim of ineffective assistance of counsel for not filing an appeal because did not relate back to timely claims of ineffective assistance of counsel for not pursuing a downward departure, not objecting to the characterization of drugs, and not raising challenges to his prior state conviction)). As the Fourth

Circuit recognized in Pittman,

> The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c)(2). If we were to craft such a rule, it would mean that amendments to a § 2255 motion would almost invariably be allowed even after the statute of limitations had expired, because most § 2255 claims arise from a criminal defendant's underlying conviction and sentence. Such a broad view of "relation back" would undermine the limitations period set by Congress and the AEDPA [Anti-Terrorism and Effective Death Penalty Act]. See Duffus, 174 F.3d at 337 (granting an untimely and unrelated amendment "would have frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final"). United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000).

Therefore, the Tenth Circuit, after a review of case law, joined "the other circuits who have decided this issue in holding that pursuant to Rule 15(c), an untimely amendment to a section 2255 motion which by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000). "[I]n order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" Pruitt v. United States, 274 F.3d 1315, 1319 (11th Cir. 2001) (citing United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000); United States v. Duffus, 174 F.3d 333, 337 (3rd Cir. 1999); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999)). While the Fifth Circuit has not reached this specific issue in the § 2255 context, it has similarly recognized that a new legal theory unsupported by the facts previously alleged in the original pleading does not relate back to the original pleading for statute

of limitations purposes. See McGregor, 3 F.3d at 863 (amendment to add due process claim did not relate back to original complaint even though original complaint indicated student was dissatisfied with law school's decisions because original complaint did not allege due process theory or discuss the school's appeals policy or procedure; due process was a "new legal theory unsupported by factual claims raised in the original complaint").

**WHEREFORE**, for the foregoing reasons, the government respectfully opposes Joseph's Amendment Under Rule 15(a) of the Federal Rules of Civil Procedure. Accordingly, his Amendment should be **DENIED** and in the alternative the government respectfully requests a fifteen (15) day period to respond should this Honorable Court deem Joseph's Amendment not barred by the one year statute of limitations pursuant to the Anti-Terrorism and Effective Death Penalty Act.

        Respectfully submitted,

        JIM LETTEN
        UNITED STATES ATTORNEY

        _____
        John F. Murphy
        Assistant United States Attorneys
        500 Poydras Street, Rm 210B
        New Orleans, LA 70130
        Telephone: (504) 680-3008

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing has been served upon the following <u>pro se</u> defendant by mailing same to him, properly addressed and postage prepaid this 23 day of July, 2004.

Sidney Joseph (#27429-034)
U.S. Penitentiary Pollock
P. O. Box 2099
Pollock, LA 71467-2099

                                  _____
                                  Assistant United States Attorney