UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 99-238 |
| SIDNEY JOSEPH | SECTION "N" |

## **ORDER AND REASONS**

Before the Court is the motion filed by Sidney Joseph ("Joseph") pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct sentence.

### **I.  BACKGROUND FACTS**

On July 30, 1999, a federal grand jury in the Eastern District of Louisiana indicted Joseph with one count of bank robbery in violation of 18 U.S.C. § 2113(a).  On April 6, 2001, the indictment was superseded to add the following charges:  two additional counts of bank robbery in violation of 18 U.S.C. § 2113(a); three counts of brandishing a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii); four counts of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); two counts of carjacking in violation of 18 U.S.C. § 2119; and one count of possession of a firearm with an obliterated serial number in violation of 26 U.S.C. §§ 5842, 5861(h) and 5871.  Joseph pleaded not guilty to all charges.

1

The district court[1] continued the trial date twice, initially to resolve a scheduling conflict involving Joseph's attorney, and again to permit a competency hearing following an eleventh hour motion raising questions regarding Joseph's competence. Finding Joseph competent to stand trial, the Court began trial on May 21, 2001. On that morning, Joseph indicated an intent, and indeed requested, to fire his second court-appointed counsel, Mr. George Chaney, but offered no particular reason which would warrant such action. Joseph then invoked his right to self-representation, over the clearly-stated advice of the district judge. See 4 2d Supp. R.A. at 5, 7-8, 10, and 15 (p.8 of govt memo). Although Joseph insisted upon representing himself, the district judge ordered that Mr. Chaney remain with Joseph throughout the trial as "standby counsel", to offer assistance where possible. Mr. Chaney in fact re-assumed representation of Joseph at various periods during the trial, including intervals where Joseph was removed from the courtroom[2] for disrupting the proceedings. On those occasions when Joseph was not disruptive, he himself cross-examined several witnesses, exhibiting an understanding and general nature of the proceedings. See Transcript of the second day of trial.

On the third and last day of trial, the United States Marshal requested employment of shackles on Joseph after discovering two homemade knives in Joseph's possession, and further advising the district judge that Joseph had been verbally and physically combative with custodial authorities. The district court took precautions to ensure that the jury would not see the shackles.

---

[1] This matter was presided over by the Honorable Edith Brown Clement, now a judge on the United States Fifth Circuit Court of Appeals.

[2] During those occasions, Joseph was allowed to monitor audio while remaining in the Marshal's office. See 4 2d Supp. R.A. 86-89, and 277.

Also on the third and last day of trial, Joseph requested that Mr. Chaney be reappointed as his counsel; Chaney handled the final witness at trial, and made the closing argument on Joseph's behalf.

The jury returned a split verdict, finding Joseph guilty on all counts[3] except for Count 11, which alleged a carjacking during the robbing of the Fidelity Homestead Association.

With an offense level of 30 and a criminal history category of IV, Joseph's applicable sentencing range was 135 to 168 months for the bank robbery counts (Counts 1, 4 and 8) and the carjacking count (Count 7). The felon-in-possession-of-a-firearm counts (Counts 3,6,10 and 12) were capped at the statutory maximum of 120 months, and the brandishing-a-firearm-during-the-commission-of-a-crime-of-violence counts (Counts 2, 5 and 9) carried mandatory, consecutive seven-year sentences. See Presentence Investigation Report at 18, ¶ 112. The government sought an upward departure of 20 years from the guidelines range. R.A. 42-44. At the sentencing hearing, the district court granted the motion but denied the 20-year departure, instead departing upward two levels to criminal history category VI, resulting in a range of 168 to 210 months. 3 Supp. R.A. 31-33; R.A. 20. The district court sentenced Joseph at the top of the range, resulting in a 42-month increase in sentence due to the departure on a total sentence of 462 months. 3 Supp. R.A. 32-33. Joseph received imprisonment for 210 months as to each of Counts 1, 4 and 8; 180 months as to Count 7; 120 months as to Counts 3, 6, 10 and 12, all terms to run concurrently; and a term of 84 months as to each of Counts 2, 5 and 9 to run consecutively to each and all other counts. R.A. 20,

---

[3] The government sought and obtained dismissal of Count 13, possession of a firearm with obliterated identification.

27; 3 Supp. R.A. 32. Joseph was ordered to make restitution to the three robbed banks and was placed on supervised release for a term of five years following imprisonment. R.A. 20.

Joseph appealed timely, however, the Fifth Circuit Court of Appeals affirmed both the conviction and sentence. On October 27, 2003, the United States Supreme Court issued its mandate denying Joseph's Petition for a Writ of Certiorari.

Joseph filed this § 2255 petition on September 17, 2004.

## II.  ISSUES RAISED AS GROUNDS FOR RELIEF

In seeking § 2255 relief, Joseph raises eighteen issues, each of which he claims constitute ineffective assistance of counsel at various stages of his prosecution, including acts/omissions by both "standby counsel" as well as appellate counsel. Joseph also argues that the cumulative effect of these errors warrants relief. On November 24, 2004, Joseph raised yet another ground for ineffective assistance of counsel.

## III.  THE NECESSITY OF AN EVIDENTIARY HEARING

Joseph seeks an evidentiary hearing on these issues. Having reviewed all of Joseph's arguments, as well as the record herein, the Court sees no need for an evidentiary hearing in order to resolve these issues.

## IV.  LAW AND ANALYSIS

### A.  Ineffective Assistance of Counsel

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. In *Strickland v. Washington,* 466 U. S. 668 (1984), the Supreme Court established a two-prong test to evaluate ineffective assistance claims. To obtain reversal of a conviction under

the *Strickland* standard, the defendant must prove that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome in the proceeding. A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. In deciding whether a counsel's performance was ineffective under *Strickland*, a court must consider the totality of the circumstances.

Under the performance prong of *Strickland*, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." Courts have declined to characterize counsel's performance as ineffective assistance when counsel acted according to the defendant's restrictions on strategy, when the defendant failed to provide counsel with complete and accurate information, or when counsel refused to "assist[] the client in presenting false evidence or otherwise violating the law."

In interpreting the prejudice prong, the Supreme Court has identified a narrow category of cases in which prejudice is presumed. The presumption applies when there has been an "[a]ctual or constructive denial of the assistance of counsel altogether", when counsel is burdened by an actual conflict of interest, or when there are "various kinds of state interference with counsel's assistance." In these situations, prejudice is so likely to occur that a case-by-case inquiry in unnecessary.

If prejudice is not presumed, the defendant must show that counsel's errors were prejudicial and deprived defendant of a "fair trial, a trial whose result is reliable." This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors.

However, in some cases, the court will inquire further to determine whether counsel's ineffective assistance "deprive[d] the defendant of a substantive or procedural right to which the law entitles him." In the context of a guilty plea, a defendant can satisfy the prejudice prong by demonstrating that but for counsel's deficient performance, a reasonable probability exists that the defendant would not have pleaded guilty and would have insisted on a trial. Similarly, in the context of a procedurally defaulted appeal, a defendant can satisfy the prejudice prong by demonstrating that there is a reasonable probability that, but for counsel's deficient failure to consult with defendant about an appeal, defendant would have timely appealed.

At the outset, the Court notes that Joseph was not only uncooperative and disruptive during the course of the underlying proceedings, but also sought, in discharging two attorneys at the trial court level, to manipulate the scheduling and conduct of his trial, and to purposely foster some of the very grounds for attacking his conviction and sentence herein. Quite obviously, though Joseph did not want to be represented, and made such desire express and unequivocal over and above the strong recommendations of the trial judge, he now seeks to attack and blame "standby counsel." Overall, Joseph's conduct at trial with regard to his legal representation would seem to refute any notion of an entitlement to relief on grounds of ineffective assistance of such counsel. Nonetheless, the Court will evaluate each and every argument offered by Joseph in support of his request for relief under § 2255.

  **B. Joseph's Grounds for Relief**

    **1. The "manufacture" and "license" of firearms manufacturers.**

Joseph contends that his pre-trial and appellate counsel were ineffective because they

apparently were unaware that "there were/are active licensed firearms manufactures [sic] in Louisiana when petitioner was indicted." Joseph appears to assert that, had it been shown that several firearm manufacturing entities are *licensed* to manufacture firearms within the state of Louisiana, he would not have been found guilty of the firearm offenses. In that regard, he claims that ATF Special Agent Michael Eberhardt testified incorrectly that "... there are no firearms manufactured in the state of Louisiana." (Trial Transcript. Vol. 3, Page 481, Line 9)

While it appears true that twenty-one entities are *licensed* to manufacture firearms within the state of Louisiana, they do not in fact manufacture the frame or receiver of pistol firearms, but instead repair and produce component parts of firearms other than the frame or receiver. The testimony at trial was clear that the Smith and Wesson Model 10, .38 Special handgun was manufactured in Springfield, Massachusetts; and the Ruger, Model 95DC .9 millimeter pistol was manufactured in Prescott, Arizona. Both necessarily traveled across state lines into the state of Louisiana, thus satisfying the statutory requirements to support Joseph's conviction. Joseph's counsel committed no error in failing to raise the issue Joseph highlights in his § 2255 petition in this regard.

### 2.     The motion to sever the Count under 18 U.S.C. § 922(g).

Joseph contends that his rights were prejudiced because the government emphasized he was a convicted felon, and that the jury learned during trial that a previous conviction was for possession with intent to distribute crack cocaine. He claims that counsel was ineffective in failing to have the § 922(g) count severed. Under Rule 8 of the Federal Rules of Criminal Procedure, joinder of offenses or defendants in the same indictment to promote judicial economy is permitted. Moreover,

under Fed.R.Crim.Pr. Rule 14(a), the trial judge is granted broad discretion to grant or deny severance of previously-joined counts, upon balancing the interest in judicial economy against the risk of prejudice to the defendant. See *United States v. Solis,* 299 F.3d 420 (5th Cir. 2002). Factors for the Court to consider in evaluating the propriety of joinder are:  (1) offenses are of the same or similar character, (2) the counts form the basis of the same act or transaction, and (3) whether the charges are based on acts or transactions that are connected or constitute parts of a common scheme. See *United States v. Bullock,* 71 F.3d 171 (5th Cir. 1995).

Having evaluated the counts asserted against Joseph against these jurisprudential guidelines, the Court finds that not only was joinder appropriate, but also that the failure to seek a severance by Joseph's counsel did not violate his right to ineffective assistance of counsel.

### 3.    The conduct of jury voir dire.

Joseph claims that, due to pre-trial publicity, he was highly prejudiced by the voir dire procedure in which the trial judge asked the jury pool a generalized question about prior knowledge. Joseph and the government agree that, during the jury selection procedure, the Court asked explicitly: "Let me know if you know anything about the facts of this case other than what I told you this morning. Anybody hear anything about this case or anybody try to talk to you about the case before you got here?" (Trial Transcript, Vol. 1, Page 57, Lines 16-19)  Joseph and the government also agree that one potential juror, number 32, responded that he did, and was brought up to the bench for further questioning. Juror number 32 was not selected to sit on the jury.

Joseph offers no evidence whatsoever that any person who served as a juror did, in fact, have any prior knowledge of his case, but simply says generally that "pre-trial publicity" was "highly

prejudicial." Such a broad and unsupported claim hardly constitutes grounds for ineffective assistance of counsel, since the only juror who responded in the positive was (a) further questioned by the Court, (b) questioned by Mr. Chaney as Joseph's "standby counsel", and (c) did not serve on the jury which convicted Joseph. Joseph has thus failed to demonstrate grounds for ineffective assistance of counsel.

### 4. Pre-trial publicity of allegations against Joseph.

Like the previous argument for ineffective assistance, Joseph broadly asserts that, somehow, the district court "clearly should have" devoted attention to such publicity during the voir dire procedure. For the reasons stated hereinabove, this ground for asserting ineffective assistance of counsel, both at trial and on appeal, is without merit.

### 5. Failure to challenge the admission of the firearm into evidence at trial.

Joseph asserts that "standby counsel" was ineffective for failure to challenge the oral admission leading to the seizure of Joseph's firearm, as well as the admission of the firearm itself. Joseph contends that "standby counsel" should have moved to exclude the evidence on grounds that it was "inflammatory evidence" and that the firearm at issue "had not been identified as being used in any of the crimes charged in the superseding indictment."

The Court notes that the firearm at issue was located in a New Orleans hotel room at the time Joseph was apprehended on February 15, 2001. Upon questioning at the time of his arrest, Joseph himself indicated that a weapon was present in the hotel room, after which authorities located a nine millimeter semi-automatic handgun on the bed.

9

For the reasons stated by the United States Supreme Court in *New York v. Quarles,* 467 U.S. 649 (1984) as well as the Fifth Circuit's opinion in *Fleming v. Collins,* 954 F.2d 1109 (5th Cir. 1992), *en banc,* the Court finds no merit to Joseph's argument that this evidence should not have been admitted under Rule 403 of the Federal Rules of Criminal Procedure. The testimony elicited at trial placed such evidence clearly within the realm of admissibility. Thus, failure of counsel to object to its admission does not constitute ineffective assistance.

### 6.    Alleged failure to successfully oppose introduction of "other crimes" evidence under Rule 404(b).

Joseph contends that his counsel was ineffective for failure to raise, on direct appeal, his opposition to the government's notice of intent to use "other crimes" evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. The district court record reflects that both the government and Joseph's attorney extensively briefed this issue, specifically focusing on the standard set forth in *United States v. Beechum,* 582 F.2d 898 (5th Cir. 1978), *en banc,* cert. denied, 440 U.S. 920 (1979).

The district judge, relying in large part on *United States v. Maceo,* 947 F.2d 1191 (5th Cir. 1991), denied Joseph's motion to exclude this 404(b) evidence. Given *Maceo* and its progeny, the Court found that the subject car chase and shootout were "part and parcel of a single criminal episode"[4], and thus were admissible. In light of the Court's logical, comprehensive treatment of this issue, Joseph's counsel's failure to pursue this issue further on appeal does not fall below the *Strickland* standard, and cannot be considered ineffective assistance of counsel. Moreover, a

---

[4] See *United States v. Costa,* 691 F.2d 1358 (11th Cir. 1982).

substantive review of this issue and the district judge's ruling on it does not reveal it to have been incorrectly decided, in the opinion of the undersigned.

### 7.     Failure to file motion to suppress witness statements.

At trial, several witnesses identified Joseph as the robber and provided details of the three robberies, including through use of photographs generated by bank surveillance equipment. In this argument, Joseph asserts that the following witnesses' testimony should have been suppressed: Shanell Shaw, Lyndon Ferdinand, Kyle Armstrong, Jody Lightfoot, Burnell Motin, Nigel Rapheal, Rhonda Jackson, William Jones, Bernetta Sims, and Carmen Weaver. Joseph also contends that the following tangible evidence should also have been excluded: evidence regarding Joseph's boots as compared to the boots the alleged bank robber wore, and fingerprint evidence.

In discussing each of these witnesses, Joseph merely points out what he perceives to be as weaknesses or inconsistencies in the testimony. Of course, any such weaknesses or inconsistencies could have been, and were in fact, grist for the cross-examination mill at trial. In this regard, it is important to note that Joseph represented himself, over and above the Court's strong recommendation, and thus must accept responsibility for any deficiencies in exploitation of such cross-examination. As to any allegations that "standby counsel" was ineffective in the questioning of witnesses or the handling of the evidence that Joseph describes, Joseph has offered no reason whatsoever to believe that any witness testimony or tangible evidence could or should have been excluded. In fact, in this argument, Joseph merely engages in "wishful thinking" that incriminating evidence would not have been brought to the jury's attention.

Accordingly, this argument for relief is without merit.

### 8. Appellate counsel's failure to raise "invalid waiver of counsel during sentencing."

In this argument, Joseph asserts that, though he intended to waive counsel during sentencing, such waiver was not valid, and that his appellate counsel violated the *Strickland* standard in failing to raise this as an issue on appeal. Of course, as indicated previously, the trial judge strongly urged Joseph to rely upon counsel throughout the trial, despite his insistence (and right) to represent himself.

If Joseph is arguing that this Court erred in failing to conduct a periodic, rolling and recurring inquiry at various intervals as to his knowing and intelligent waiver of counsel, such argument is without merit. See, e.g., *Neal v. Texas,* 870 F.2d 312 (5th Cir. 1989). Joseph was questioned on the morning of trial, extensively and outside of the presence of the jury, at which time he insisted on representing himself, and refused to heed the trial judge's strong recommendations. See 4 2d Supp. R.A. 5-17.

Simply put, Joseph makes no convincing argument that his waiver of counsel at sentencing was invalid or in any way inconsistent with his own express desires at the time, and thus appellate counsel could hardly be called ineffective for failure to pursue such an issue.

### 9. Briefing of the "*Apprendi*[5] issue."

Joseph further claims that his appellate counsel was ineffective for failing to adequately brief *Apprendi* and *Blakely*[6], and that this failure allowed an unconstitutional sentence to stand.

---

[5] *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000).

[6] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).

However, the calculation of Joseph's guidelines, even considered advisory under *Booker*[7] and *Fanfan*[8], was proper.  See *United States v. Joseph,* 333 F.3d @ 591-92.  Moreover, the Court's sentence is not extraordinarily or grossly excessive.

### 10.     Cumulative effective error.

Joseph argues that these alleged errors, caused by ineffective representation at either the trial court level or the appellate level, warrant relief because their cumulative effect was tantamount to an unconstitutional trial and/or sentence.  The Court finds no merit in the various grounds Joseph argues, and thus the Court can find no cumulative effect of such alleged errors which would warrant relief.

### 11.     "Insufficient evidence" to support convictions on counts 2, 5 and 9 under 18 U.S.C. § 924(c)(1).

On November 24, 2004, at about the same time Joseph filed his traversal of the government's opposition to his original § 2255 motion, Joseph urged an additional ground for relief, claiming that convictions on Counts 2, 5 and 9 were unconstitutional because the government did not sufficiently establish the use of a "firearm", as required under 18 U.S.C. § 924(c)(1).

In response, the government urges that this amendment to Joseph's § 2255 motion is time-barred under Rule 15(c) of the Federal Rules of Civil Procedure.  The Court agrees that Joseph's claim does not relate back to any of the several grounds he argued originally, and thus is not timely. See, e.g., *United States v. Saenz,* 282 F.3d 354 (5th Cir. 2002); *Davenport v. United States,* 217 F.3d 1341 (11th Cir. 2000).

---

[7] *United States v. Booker,* 125 S.Ct. 738 (2005).

[8] *United States v. Fanfan,* 125 S.Ct. 738 (2005).

Even if timely, Joseph fails to establish how his counsel (to the extent Joseph seeks to make "standby counsel" responsible) was ineffective. Joseph makes a convoluted argument regarding the definition of a firearm, and seems to assert that the government did not prove that such element was present. The record, however, clearly demonstrates that the jury was properly charged with the definition of a firearm, as well as the elements of the offenses set forth in Counts 2, 5 and 9; and that the jury's finding of guilt was adequately supported by the evidence. Accordingly, both because it is untimely and without substantive merit, the Court **DENIES** relief on the grounds Joseph submits in his "Motion to Amend and/or Supplement Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 28 U.S.C. § 2255."

## V.  CONCLUSION

For the aforestated reasons, the motion filed herein by Sidney Joseph pursuant to 28 U.S.C. § 2255 is hereby **DENIED**.

New Orleans, Louisiana, this 17th day of August, 2007.

                                        **KURT D. ENGELHARDT**
                                        **United States District Judge**