UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 99-238** |
| **v.** | * | **SECTION: "E"** |
| **SIDNEY JOSEPH** | * | |
| | * * * | |

### GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

**NOW INTO COURT** comes the United States of America, appearing through the undersigned Assistant United States Attorney for the Eastern District of Louisiana, who respectfully files the instant memorandum opposing defendant-petitioner Sidney Joseph's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Because Joseph has not made a sufficient showing justifying the relief he seeks on any of his claims, the government respectfully requests that this Honorable Court deny his motion.

The United States Supreme Court in three separate cases involving three separate federal statutes, Title 18, United States Code, Sections 924(e) (U.S. vs. Johnson, 135 S. Ct. 2551 (2015)), 16, (Sessions vs. Dimaya, 138 S. Ct. 1204, 1211-1212 (2018)) and 924(c) (U.S. vs. Davis, 139 S. Ct. 561 (2019)), reviewed the constitutionality of the residual clause of those statutes defining crimes of violence.  While each decision found the residual clauses of those statutes unconstitutionally vague, none of the decisions had any negative impact on the elements clauses defining crimes of violence in each of those statutes.

Sidney Joseph ("Joseph") was convicted of using a gun to rob three different financial institutions.  Charged with the brandishing of a firearm during each of the three aggravated bank

robberies (18 U.S.C. §§ 2113(a) and (d)) in violation of § 924(c) as well as the underlying crimes of violence amongst other charges, Joseph was convicted of the aggravated bank robberies, carjacking and brandishing a weapon during the bank robberies.

Joseph in his habeas corpus request pursuant to 28 U.S.C. § 2255 asks this Court to vacate his § 924(c) convictions on the basis of the Supreme Court's decision in *Davis supra.* finding the residual clause in § 924(c)(3)(B) to be unconstitutionally vague.  The *Davis* decision as stated above has no bearing on Joseph's § 924(c) convictions because the underlying offenses were crimes of violence based on the elements clause § 924(c)(3)(A) and not based on the residual clause.

In the Davis case the jury convicted him of two section 924(c) violations; one relied on the residual clause and the other relied on the elements clause. Initially, the Fifth Circuit affirmed both section 924(c) convictions.  U.S. vs. Davis, 677 Fed. Appx. 933 (5th Cir. 2017).  But on remand from the Supreme Court after its Dimaya decision, the Fifth Circuit vacated the residual clause section 924(c) conviction but affirmed the elements clause section 924(c) conviction. Thereafter, the Supreme court affirmed the Fifth Circuit decision when it vacated the residual clause related conviction, finding section 924(c)(3)(A) unconstitutionally  vague while affirming the elements clause conviction.  Davis 139 S. Ct. at.  The Fifth Circuit on remand ordered resentencing on the elements clause related count and the other counts of conviction after again affirming all counts of conviction other than the residual clause related section 924(c) count.  U.S. vs. Davis, 784 Fed. Appx. 277 (5th Cir. 2019).

In its recent decision in *United States v. Smith*, 2020 WL 2078390, at *4 (5th Cir. April 30, 2020), the Fifth Circuit reiterated that an aggravated bank robbery pursuant to §§ 2113(a) and (d)

2

constituted a crime of violence under § 924(c)(3)(A)'s elements clause, *citing* to other Fifth Circuit precedent, *United States v. Purvis*, 937 F.3d 546, 553 (5th Cir. 2019) and *United States v. Cheers*, 760 F. Appx 272, 273-74 (5th Cir. 2019).

Likewise, in *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017), the Fifth Circuit held that carjacking in violation of § 2119(a) was a crime of violence under the elements clause, § 924(c)(3)(A), adopting the armed bank robbery analysis of other Fifth Circuit decisions upon concluding that both aggravated bank robbery and carjacking included the element of "by force and violence or by intimidation."

Judge Barbier in *United v. Portis*, 2019 WL 6173773 *2 (E.D.LA. November 15, 2019) denied *Portis*'s habeas corpus request to reverse his § 924(c) conviction for using a firearm during an attempted carjacking based on the Supreme Court's decision in *Davis*, *supra.* Relying on the strength of *Jones*, *supra*, and cases in the Eleventh Circuit and the Fourth Circuit, the court concluded that a § 2119 carjacking was deemed a crime of violence under § 924(c)(3)(A), and not the residual clause. Judge Barbier noted that part of the *Jones* decision was overruled by *Davis*, *supra,* but recognized that the court's alternative ruling under the elements clause was binding precedent on the court.

WHEREFORE, the government asks this Court to follow binding Fifth Circuit precedent and Judge Barbier's succinct reasoning in concluding that Joseph's § 924(c) convictions were correct because the armed bank robberies are crimes of violence under the elements clause in § 924(c)(3)(A). The Davis decision does not support Joseph's position, it defeats it. Joseph's habeas corpus request should be denied.

Respectfully submitted,

PETER G. STASSER

/s/ John F. Murphy
JOHN F. MURPHY
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3126

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Additionally, a copy of the foregoing was forwarded via U.S. Mail to pro-se prisoner Sidney Joseph, Reg. No.27429-034.

/s/ John F. Murphy
JOHN F. MURPHY
Assistant United States Attorney