**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 99-238** |
| **SIDNEY JOSEPH** | **SECTION: "E"** |

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss Petitioner's 924(c) Convictions filed by Petitioner Sidney Joseph,[1] which the Court construes as a motion to vacate, set aside, or correct pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is **DENIED**.

**BACKGROUND**

On September 13, 2001, Petitioner Sidney Joseph was sentenced to a total of 462 months incarceration based on convictions for three counts of bank robbery in violation of 18 U.S.C. § 2113(a); one count of carjacking in violation of 18 U.S.C. § 2119; three counts of brandishing a firearm during and in relation to crimes of violence, to wit, bank robberies and a carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); four counts of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2);and one count of possession of a firearm with an obliterated serial number in violation of 26 U.S.C. §§ 5842, 5861(h) and 5871.[2] On March 16, 2020, Petitioner filed the instant motion *pro se*, asking the Court to "dismiss [his] 3 924(c) convictions in light of the U.S. Supreme Court's recent ruling in *U.S. v. Davis*, rendering 924(c)'s residual clause unconstitutionally vague[.]"[3]

---

[1] R. Doc. 128. The Government opposes this motion. R. Doc. 134.
[2] R. Doc. 67.
[3] R. Doc. 128 at 1.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed her sentence to vacate, set aside or correct the sentence.[4] Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[5] A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice."[6] Importantly, Courts construe *pro se* habeas petitions liberally.[7]

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . ."[8] If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action.[9] The court may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery.[10]

---

[4] 28 U.S.C. § 2255(a).

[5] *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

[6] *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

[7] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.").

[8] Rules Governing Section 2255 Proceedings, Rule 4(b).

[9] *Id.* In this case, after Petitioner filed the instant motion, the Court ordered the Government to file a response. R. Doc. 129.

[10] Rules Governing Section 2255 Proceedings, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted.[11] An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[12] No evidentiary hearing is required if the defendant fails to produce any "independent indicia of the likely merit of [her] allegations."[13,14]

**LAW AND ANALYSIS**

As discussed above, Petitioner argues his three convictions for brandishing a firearm during the commission of crimes of violence, to wit, bank robberies and a carjacking, under § 924(c)(1)(A)(ii) are unconstitutional in light of the Supreme Court's decision in *United States v. Davis*. In *Davis*, the Supreme Court held the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), known as the residual clause, was unconstitutionally vague.[15] Thus, Petitioner contends his convictions for brandishing a firearm is unconstitutional because such sentences necessarily requires defining the term "crime of violence."

To determine whether Petitioner is correct, the Court must assess whether the predicate offenses of bank robbery and carjacking qualify as "crimes of violence" under § 924(c)(3)(B) or, alternatively, § 924(c)(3)(A), known as the "elements clause." Under § 924(c)(3)(A), a crime of violence is defined as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person

---

[11] *Id.*, Rule 8.
[12] 28 U.S.C. § 2255(b).
[13] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[14] In this case, a review of the pleadings and the record reveals Petitioner is not entitled to relief, and therefore, no evidentiary hearing is warranted.
[15] *United States v. Davis*, 139 S. Ct. 2319 (2019).

or property of another."[16] "If the elements of [Petitioner's predicate] offenses necessarily involve 'the use, attempted use, or threatened use of physical force against the person or property of another,' then his predicate offenses may be treated as [crimes of violence] under § 924(c)(3)(A)."[17] "Whereas the constitutionality of Section 924(c)(3)(B) has been in doubt for some time, there exists no such uncertainty about the validity of Section 924(c)(3)(A)."[18]

A review of precedent in the Fifth Circuit makes clear bank robbery, as defined under § 2113(a), qualifies as a crime of violence under the elements clause, § 924(c)(3)(A)[19] "because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force."[20] Likewise, under the Fifth Circuit precedent, "carjacking fits under the definition set forth in § 924(c)(3)(A)—it has an element the use, attempted use, or threatened use of physical force against the person or property of another."[21]

Because Petitioner's predicate offenses of § 2113 bank robbery and § 2119 carjacking qualify as crimes of violence under § 924(c)(3)(A), Petitioner's position that his § 924(c) convictions were based on an unconstitutionally vague statute is incorrect

---

[16] 18 U.S.C. § 924(c)(3)(A).

[17] *United States v. Smith*, No. 18-10476, 2020 WL 2078390, at *2 (5th Cir. Apr. 30, 2020).

[18] *United v. Portis*, Criminal Action No. 16-134, 2019 WL 6173773, at *2 (E.D. La. Nov. 15, 2019) (citing *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017), *overruled on other grounds*, *United States v. Davis*, 139 S. Ct. 2319 (2019)).

[19] *Smith*, 2020 WL 2078390 at *4; *United States v. Pervis*, 937 F.3d 546, 553 (5th Cir. 2019).

[20] *United States v. Cadena*, 728 Fed. Appx. 381, 381-82 (5th Cir. 2017) (per curiam) (citing *United States v. Brewer*, 848 F.3d 711, 714-16 (5th Cir. 2017).

[21] *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017). The Court notes that, although *Davis* clearly overruled *Jones* insofar as *Jones* held § 924(c)(3)(B) was not unconstitutionally vague, "in this Circuit 'alternative holdings are binding precedent and not obiter dicta." *Ramos-Portillo v. Barr*, 919 F.3d 955, 962 n.5 (5th Cir. 2019) (citing *Whitaker v. Collier*, 862 F.3d 490, 496 n.14 (5th Cir. 2017)). Thus, the invalidation of the *Jones* court's holding on Section 924(c)(3)(B)'s constitutionality has no impact on Jones's holding that Section 2119 carjackings are a crime of violence under the elements clause of Section 924(c)(3)(A)." *Portis*, 2019 WL 6173773 at *2.

and, further, Petitioner cannot benefit from the *United States v. Davis* decision. Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Motion to Dismiss Petitioner's 924(c) Convictions[22] is **DENIED**.

**New Orleans, Louisiana, this 21st day of May, 2020.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

[22] R. Doc. 128.