UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 99-238** |
| **SIDNEY JOSEPH** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is a Motion for Sentence Reduction[1] pursuant to 18 U.S.C. § 3582,[2] filed by Petitioner, Sidney Joseph. The United States of America ("Government") opposes the motion.[3]

### BACKGROUND

On September 13, 2001, Petitioner Sidney Joseph was sentenced to a total of 462 months incarceration based on convictions for three counts of bank robbery in violation of 18 U.S.C. § 2113(a); one count of carjacking in violation of 18 U.S.C. § 2119; three counts of brandishing a firearm during and in relation to crimes of violence, to wit, bank robberies and a carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); four counts of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2);and one count of possession of a firearm with an obliterated serial number in violation of 26 U.S.C. §§ 5842, 5861(h) and 5871.[4] The court ordered Petitioner to pay restitution—totaling

---

[1] R. Doc. 159.
[2] 18 U.S.C. § 3582.
[3] R. Doc. 163.
[4] R. Doc. 67.

$24,025.00—to the two banks involved in the robberies.[5] On June 9, 2003, the Fifth Circuit affirmed his conviction and sentence.[6]

On September 17, 2004, Petitioner filed his first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that his counsel was ineffective at trial.[7] The district court denied the motion, finding that Petitioner "fail[ed] to establish how his counsel . . . was ineffective" and failed to show that the jury was improperly charged with the proper elements of the crimes.[8] The court held that the "jury's finding of guilt was adequately supported by the evidence."[9]

On June 27, 2016, Petitioner filed a second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that the Supreme Court's holding in *Johnson v. United States*[10] rendered several counts of conviction unconstitutionally vague.[11] The district court rejected this argument and denied his motion.[12]

On March 16, 2020, Petitioner filed a "motion to dismiss his 924(c) convictions,"[13] which this Court construed as a motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner argued his three prior convictions for brandishing a firearm during the commission of crimes of violence, bank robberies and a carjacking, were unconstitutional in light of the Supreme Court's decision in *United States v. Davis*.[14] The Court denied the motion,

---

[5] In 2022, the Government moved for an order directing that Petitioner's inmate trust account balance be turned over to pay restitution, pursuant to 18 U.S.C. § 3613(c), 18 U.S.C. § 3556, and the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A. R. Doc. 138. The Court granted the motion and ordered BOP to transfer $17,817.83 of trust account funds to pay Petitioner's court-ordered restitution. R. Doc. 148. Petitioner appealed. The Fifth Circuit affirmed. R. Doc. 154.
[6] *United States v. Joseph*, 333 F.3d 587 (5th Cir. 2003).
[7] R. Doc. 96.
[8] R. Doc. 108.
[9] *Id.*
[10] *Johnson v. United States*, 576 U.S. 591 (2015).
[11] R. Doc. 119.
[12] R. Doc. 123.
[13] R. Doc. 128.
[14] *Id.*; *United States v. Davis*, 588 U.S. 445 (2019).

finding that Petitioner's "predicate offenses of § 2113 bank robbery and § 2119 carjacking qualify as crimes of violence under § 924(c)(3)(A)" such that the *Davis* decision had no impact on his case.[15]

On February 12, 2025, Petitioner filed the instant Motion for Sentence Reduction, seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and/or a sentence reduction for changes in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).[16] The Court ordered the Government to file an opposition.[17] On February 26, 2025, the Government filed an opposition.[18]

In his motion, Petitioner requests a sentence reduction under 18 U.S.C. § 3582(C)(1)(A) and § 3582(c)(2).[19] First, Petitioner argues that he suffers from hypertension, which he argues is an "incurable, progressive disease, from which [he] may never recover."[20] Petitioner states he also suffers from "various dental and eye problems."[21] Petitioner attaches medical records to his motion.[22] Petitioner argues that his condition "could turn out to be chronic due to lack of access to proper medical treatment and good environment" and that the "failure to render the appropriate medical care puts Joseph's medical condition in greater danger."[23] Second, Petitioner argues he has served an "unusually long and harsh sentence" of 25 years, which is justification for his release under United States Sentencing Guideline §1B1.13 (b)(6).[24] Third, Petitioner argues that, at his criminal trial in 2001, the United States Marshals assaulted him when

---

[15] R. Doc. 135.
[16] R. Doc. 159.
[17] R. Doc. 162.
[18] R. Doc. 163.
[19] R. Doc. 159.
[20] R. Doc. 159-1, p. 16.
[21] *Id*.
[22] R. Doc. 159-2.
[23] R. Doc. 159-1, p. 16.
[24] *Id*. at p. 19.

they used a stun belt on him during trial; Petitioner argues this constitutes a violation of 18 U.S.C. § 113 and warrants his compassionate release.[25] Fourth, Petitioner argues that, applying the § 3553(a) factors, a sentence reduction is justified to avoid unwarranted sentencing disparities.[26] Finally, Petitioner argues he has been rehabilitated while incarcerated: he has paid a majority of his restitution payments, he has earned his GED, and he has completed various certifications from BOP programs.[27] Petitioner concludes: "Given the length of his imprisonment, his personal rehabilitation, deeply felt remorse, and health condition, the Court must conclude that these are strong § 3553(a) factors weighing in favor to discontinue detention."[28]

In opposition to Petitioner's motion, the Government primarily argues that the Court should dismiss Petitioner's motion without prejudice for failure to exhaust administrative remedies.[29] The Government argues that, although Petitioner asserts he filed a request for relief with the warden prior to filing his motion with this Court, there is no evidence that Petitioner did so.[30] As a result, the Government argues Petitioner fails to satisfy § 3582(c)(1)(A)'s exhaustion requirement.[31] The Government further opposes the motion on all other grounds, arguing that Petitioner's health complaints are not sufficient for compassionate release, that his sentence is not unusually long under the Guidelines, that the alleged assault is not actionable, that there is no identifiable sentencing disparity, and that Petitioner's alleged rehabilitation is insufficient grounds for release.[32] The Government argues that even if Petitioner were to demonstrate the

---

[25] *Id. See* 18 U.S.C. § 113, entitled "Assaults within maritime and territorial jurisdiction."
[26] R. Doc. 159-1, pp. 22-23.
[27] *Id.* at p. 26.
[28] *Id.*
[29] R. Doc. 163, p. 5.
[30] *Id.*
[31] *Id.* at p. 6.
[32] *Id.* at pp. 6-12.

"extraordinary and compelling reasons" standard to justify release, the § 3553(a) factors weigh against a sentence reduction in this case.[33]

## LEGAL STANDARD

Courts may only consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons if the exhaustion requirements of § 3582(c)(1)(A) are met.[34] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[35] the exhaustion requirements of § 3582(c)(1)(A) are satisfied, and the Court may consider a motion for compassionate release filed by the defendant.

Generally, courts may not modify a term of imprisonment once it has been imposed, with few exceptions.[36] Two of the relevant exceptions are (1) motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and (2) motions for sentence reductions based on changes to the sentencing guidelines under 18 U.S.C. § 3582(c)(2).[37]

### I.   18 U.S.C. § 3582(c)(1)(A)

18 U.S.C. § 3582(c)(1)(A)(i) provides courts may reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if "extraordinary and compelling reasons warrant such a reduction."[38]

---

[33] Id. at pp. 12-15.
[34] R. Doc. 375, p. 4.
[35] *Id.*
[36] 18 U.S.C. § 3582(c).
[37] *United States v. Lopez-Escamilla*, No. 4:14-CR-91-SDJ, 2024 WL 5159891, at *1-2 (E.D. Tex. Dec. 18, 2024) (summarizing the different types of motions for sentence reduction).
[38] *Id.* § 3582(c)(1)(A), (c)(1)(A)(i).

5

United States Sentencing Guidelines Section 1B1.13 is a policy statement on sentence reductions under § 3582(c)(1)(A).[39] It provides that a court may grant a motion for a sentence reduction

> if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that —
>
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.[40]

Section 1B1.13(b) provide examples of extraordinary and compelling reasons to justify a sentence reduction:

> (1) MEDICAL CIRCUMSTANCES OF THE DEFENDANT —
>
> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), endstage organ disease, and advanced dementia.
>
> (B) The defendant is —
>
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[39] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2024).
[40] *Id.* § 1B1.13(a).

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
(iii) such risk cannot be adequately mitigated in a timely manner.[41]

Besides medical conditions, the Court also may consider (2) the age of the defendant if the defendant is over age sixty-five, in combination with serious deterioration in health, (3) the defendant's family circumstances, (4) whether the defendant is a victim of abuse, (5) "other reasons" that are "similar in gravity" to those in paragraphs 1 through 4, or (6) whether the defendant received an "unusually long sentence," the defendant has served over ten years of the sentence, and there has been a change in the law causing a gross disparity between the sentence served and one that would presently be imposed.[42]

## II.    18 U.S.C. § 3582(c)(2)

18 U.S.C. § 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they

---

[41] *Id.* § 1B1.13(b).
[42] *Id.*

7

are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[43]

"For a sentence to be 'based on' a lowered Guidelines range, the range must have at least played 'a relevant part in the framework the sentencing judge used' in imposing the sentence."[44]

"[T]he burden falls on the defendant to 'convince the district judge to exercise discretion to grant the motion'" under either ground.[45]

## LAW AND ANALYSIS

### I. Petitioner failed to exhaust his administrative remedies prior to filing the instant motion.

Prior to filing a motion for compassionate release and/or a sentence reduction, a defendant must "fully exhaust[] all administrative rights" to "appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or show there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." [46] "Courts have required an appeal of the warden's decision regarding compassionate release for a prisoner to have exhausted administrative remedies."[47]

---

[43] 18 U.S.C. § 3582(c)(2).
[44] *United States v. Lopez*, 989 F.3d 327, 333 (5th Cir. 2021) (quoting *Koons v. United States*, 584 U.S. 700, 704 (2018)).
[45] *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (quoting *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021)).
[46] 18 U.S.C. § 3582(c)(1)(A); *see, e.g.*, *United States v. Gross*, No. CR 94-157, 2024 WL 983506, at *1 (E.D. La. Mar. 7, 2024).
[47] *United States v. Ellis*, No. CR 13-286, 2020 WL 4050409, at *2 (E.D. La. July 20, 2020) (citing *United States v. Whirl*, No. 5:18-cr-17, 2020 WL 3883656, at *1-2 (S.D. Miss. July 9, 2020) (noting that a defendant may submit an appeal on a BP-10 form to the appropriate Regional Director within 20 calendar days of the date the warden signed the response and that failure to do so is a failure to exhaust administrative remedies)); *United States v. Hooker*, No. 3:14-cr-0367, at 1 (N.D. Tex. July 8, 2020) (holding that a failure to appeal a warden's decision is a failure to exhaust administrative remedies); *United States v. Delco*, No. 09-57, 2020 WL 4569670, at *4 (E.D. La. Aug. 7, 2020) ("[I]t is precisely because the warden denied the defendant's . . . request within 30 days after its submission that he has not exhausted his administrative remedies[; the defendant has failed to] show that he has fully exhausted his administrative rights to appeal the warden's denial of his request through the BOP's Administrative Remedy Procedure[.]").

The Fifth Circuit has recognized that § 3582(c)(1)(A)'s "requirement that a defendant file a request with the BOP before filing a motion in federal court is a nonjurisdictional claim-processing rule."[48] The rule comports with Congress's clear intent "for all requests for compassionate release [to] be presented to the Bureau of Prisons before they are litigated in the federal courts."[49] When the Government raises this rule in the district court, the Court "must enforce the rule."[50] "[I]t is the defendant's burden to prove exhaustion."[51]

Petitioner states in his Motion that he "has filed a request for compassionate release to the Warden, USP McCreary, however, he did not receive any response yet. Because 30 days have lapsed from the receipt of the request and the BOP failed to file a motion on Joseph's behalf, exhaustion of administrative remedies is not an issue in this case."[52] The Government argues that Petitioner's allegation "without proof" is insufficient.[53] Further, counsel for the Government represents that he "reached out" to BOP to confirm whether there are records of Petitioner's request, and none has been recovered.[54] As a result, Petitioner has failed to make the requisite showing that he has fully exhausted all administrative rights or that thirty days have passed since the receipt of a request by the warden of his facility. The Court must deny the instant motion for failure to comply with the mandatory exhaustion requirements under § 3582(c)(1)(A).

---

[48] *United States v. Franco*, 973 F.3d 465, 468 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020); *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021).
[49] *Franco*, 973 F.3d at 468.
[50] *Id.* (quoting *Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019) (overruled in part on other grounds)); *United States v. Harper*, No. 24-30275, 2024 WL 4664018 (5th Cir. Nov. 4, 2024).
[51] *United States v. Gross*, No. CR 94-157, 2024 WL 983506, at *2 (E.D. La. Mar. 7, 2024); *United States v. Curry*, No. CR 10-111, 2024 WL 3677129 (E.D. La. Aug. 5, 2024); *United States v. Baker*, No. 16-179, 2021 WL 5356911, at *2 (E.D. La. Nov. 17, 2021).
[52] R. Doc. 159-1, p. 15.
[53] R. Doc. 163, p. 5.
[54] *Id.*

## II. Alternatively, Petitioner's motion fails to demonstrate sufficient grounds for a sentence reduction.

The Court finds that, even if Petitioner had properly exhausted his administrative remedies, Petitioner still fails to show compelling reasons to warrant a sentence reduction. First, Petitioner's hypertension[55] and unspecified dental and eye problems do not rise to the level of serious and advanced illnesses to support a reduction in his sentence.[56] The Fifth Circuit has held an individual's "conditions that are managed effectively by medication," such as hypertension,[57] do not constitute "extraordinary and compelling reasons warranting compassionate release."[58]

For an unusually long sentence to serve as an extraordinary and compelling reason to justify a sentence reduction, the Petitioner must (1) have served at least ten years of the term of imprisonment; he (2) must identify "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) . . . [such that the] change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed;" and (3) his individualized circumstances must be considered.[59] The Court finds that Petitioner has failed to identify an applicable change in the law that produces a gross disparity between the sentence Petitioner is serving and the sentence likely to be imposed at the time his motion was filed.[60]

---

[55] Petitioner's medical records demonstrate that his hypertension is treated with medication. R. Doc. 159-2.
[56] Under the policy statement's first category, the petitioner must be "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13(b)(1)(A). *See, e.g., United States v. Koons*, Criminal Action No. 16-214-05, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020) (holding that generic conditions such as "hypertension" and "high cholesterol" are not on par with the terminal illnesses listed in U.S.S.G. § 1B1.13).
[57] *United States v. Rodriguez*, 27 F.4th 1097, 1100 (5th Cir. 2022).
[58] *United States v. Love*, 853 F. App'x 986, 987 (5th Cir. 2021); *United States v. Thompson*, 984 F.3d 431 (5th Cir. 2021).
[59] *See* U.S.S.G. § 1B1.13(b)(6).
[60] *See, e.g., United States v. Bolden*, No. CR 14-59, 2024 WL 5168159, at *6 (E.D. La. Dec. 19, 2024).

The Court is unpersuaded by Petitioner's remaining arguments. Petitioner has failed to demonstrate how the U.S. Marshals' placement of a stun belt on him during his 2001 trial is sufficient grounds for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) or (c)(2).[61] Rehabilitation is not a sufficient ground to justify a sentence reduction.[62]

Finally, the 18 U.S.C. § 3553(a) factors do not weigh in favor of Petitioner's release. Section 3553(a) requires a court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the rule of the law," "provide[s] just punishment for the offense," and "protect[s] the public from further crimes of the defendant," amongst other considerations.[63] Petitioner argues that § 3553(a)(6) particularly justifies his release because a reduction is necessary to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar crimes as Petitioner. This factor requires courts to avoid unwanted sentencing disparities among similarly situated defendants nationwide.[64]

Petitioner was found guilty on multiple counts of bank robbery, carjacking, and various weapon charges and sentenced to 462 months of imprisonment.[65] Petitioner was sentenced for a term of 210 months as to Counts 1, 4, and 8; 180 months as to Count 7; 120 months as to Counts 3, 6, 10, and 12, all to run concurrently; and 84 months as to

---

[61] Additionally, the Court notes that the Fifth Circuit addressed Petitioner's arguments related to the stun belt in affirming his conviction on appeal. *United States v. Joseph*, 333 F.3d 587 (5th Cir. 2003) ("Concluding that Joseph posed a risk of harm to the marshals, court officers, and others present at trial, the district court permitted the use of these restraints. We find no abuse of discretion in this action. The district court properly stated the reasons for the use of restraints. Further, there is no evidence that the jury was prejudiced by the presence of these restraints, as the stun belt was not activated during the trial, and both the belt and the shackles were kept out of the view of the jury. Accordingly, we affirm the district court's decision to restrain Joseph.").
[62] *See United States v. Hudson*, No. CR 10-329, 2021 WL 2912012, at *4 (E.D. La. July 12, 2021) ("[R]ehabilitation, though certainly commendable, is not extraordinary or compelling.").
[63] 18 U.S.C. § 3553(a).
[64] *United States v. Guillermo Balleza*, 613 F.3d 432, 435 (5th Cir. 2010).
[65] R. Doc. 67.

11

Counts 2, 5, and 9, to run consecutively.[66] Petitioner has failed to identify cases involving similarly-situated individuals and similar crimes that demonstrate a sentencing disparity from Petitioner's sentence in this case. Furthermore, the Government identifies several cases "with the same if not higher sentences for similar conduct" as the conduct resulting in the instant offenses.[67] Petitioner's argument as to § 3553(a)(6) is without merit. The Court finds that Petitioner's sentence remains just punishment that is not greater than necessary to promote the goals of sentencing pursuant to § 3553(a): to promote respect for the law, reflect the seriousness of the offenses, and to protect the public from future crimes of the Defendant.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Motion for Sentence Reduction[68] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this Order and Reasons by regular mail addressed to Petitioner at the following address:

Sidney Joseph, No. 27429-034
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, Kentucky 42635

**New Orleans, Louisiana, this 4th day of April, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[66] *Id.*
[67] *See* R. Doc. 163, p. 11 (collecting cases); *see, e.g.*, *Taylor v. United States*, No. CR 18-231, 2024 WL 4965264, at *2 (N.D. Tex. Dec. 3, 2024) (defendant sentenced to a term of imprisonment of 180 months as to count one to be followed by a term of imprisonment of 360 months as to count two, for a total of 540 months, after one attempted bank robbery where he discharged a weapon). Furthermore, the Court agrees with the Government's characterization of Petitioner's "consecutive sentences as allowed by law." R. Doc. 163, p. 11.
[68] R. Doc. 159.